UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:
USA STAFFING SERVICES, LLC,            Case No: 8:25-bk-04358-CPM
STAFFING MANAGEMENT GROUP, LLC,     Case No: 8:25-bk-04366-CPM
MK ULTRA INVESTMENTS, LLC             Case No: 8:25-bk-04368-CPM
    Debtors.                                 Chapter 11 Jointly Administered
_____/

**DEBTORS' MOTION FOR CRAMDOWN OF PLAN
OF REORGANIZATION PURSUANT TO 11 U.S.C. §1129(b) (CRAMDOWN)**
*(Request for Consideration at February 5, 2026 11:00 am ET Hearing)*

Debtors USA Staffing Services, LLC ("**USA**"), Staffing Management Group, LLC ("**SMG**"), and MK Ultra Investments, LLC ("**MK Ultra**") (collectively, the "**Debtors**"), by counsel and pursuant to 11 U.S.C. § 1129(b) and Federal Rule of Bankruptcy Procedure 3020, hereby seek confirmation of their *Second Amended Chapter 11 Plan of Reorganization* (Doc. No. 169) with respect to the Non-Accepting Classes (as both terms are defined below). In support of this Motion, the Debtors state as follows:

## Background

1.     On June 27, 2025, the Debtors each filed voluntary petitions for relief (Doc. Nos. 1 in each of the cases above).

2.     On October 6, 2025, the Debtors filed their *Amended Joint Disclosure Statement for the Amended Joint Chapter 11 Plan of Reorganization* (Doc. No. 113) (the "**Disclosure Statement**").[1]

3.     On January 6, 2026, the Debtors filed their *Second Amended Chapter 11 Plan of Reorganization* (Doc. No. 169) (the "**Plan**").

---

[1] The Disclosure Statement was amended on January 6, 2026 by the Debtors' *Notice of Filing New Plan Projections as Amended Exhibit B to the Disclosure Statement.* (Doc. No. 170).

4. On January 9, 2026, the Debtors solicited acceptance of the Plan in accordance with 11 U.S.C. §1129 of the Bankruptcy Code and this Court's Scheduling Order (Doc. No. 172). Specifically, all creditors and parties in interest were served with a copy of the solicitation package consisting of or incorporating by reference the Disclosure Statement, Plan, Scheduling Order, and *Ballot for Accepting or Rejecting Debtors' Second Amended Joint Chapter 11 Plan of Reorganization* (see Doc. No. 174).

5. On February 5, 2026, this Court will hold a confirmation hearing at which time the Debtors anticipate that all applicable requirements for confirmation will have been met and the Court can confirm the Debtors' Plan. The Debtors intend to seek confirmation under 11 U.S.C. §1129(b) of the Bankruptcy Code.

6. Classes 1 and 12 are Unimpaired and therefore deemed to have accepted the Plan.

7. Classes 2, 4, 9, 11, 13 and 14 are Impaired and affirmatively voted to accept the Plan. As such, the Debtors have at least one class of Impaired creditors that have voted to accept the Plan pursuant to 11 U.S.C. §1129(a)(10).

8. Classes 3, 5, 6, 7, 8, and 10 are Impaired and either did not vote or did not affirmatively vote to accept the Plan (collectively, the "**Non-Accepting Classes**").

9. The Plan fails to meet the requirement of 11 U.S.C. §1129(a)(8), but the Debtors request that the Court confirm the Plan pursuant to 11 U.S.C. §1129(b) despite the fact that certain Impaired classes have not accepted the Plan.

10. The Plan can be confirmed despite the Impaired Classes failing to vote for the Plan because they are receiving treatment as required under the Bankruptcy Code.

11. With respect to each Impaired class of claims, each holder of an Impaired claim or interest will receive no less than the amount that such holder would receive if the Debtors were

liquidated under Chapter 7 of the Bankruptcy Code. The value to be distributed to holders of allowed claims pursuant to the Plan is greater than the liquidation value of the Debtors and their remaining assets.

12. The Plan does not discriminate unfairly and the treatment of the claims held by the Impaired creditors is fair and equitable. Pursuant to the Plan, creditors will be paid according to the priority scheme established by the Bankruptcy Code.

13. With respect to Classes 3, 5, 6, 7, 8, and 10, the Plan provides that these Classes of creditors are unsecured creditors, and they will be addressed in Paragraph 14 below. (the "**Unsecured Creditor Classes**").

14. With respect to the Unsecured Creditor Classes, the Plan complies with 11 U.S.C. §1129(b)(2)(B)(ii) due to the injection of new value. Absent the new value contributed by Debtors' principal Matthew Kolinski ("**Mr. Kolinski**") the reorganization would not be feasible, and the creditors would receive far less in a Chapter 7 liquidation. Pursuant to the Plan Mr. Kolinski will contribute $750,000.00 total in new value ("**Kolinski Contribution**"). Specifically Mr. Kolinski will contribute $150,000.00 of his salary per year totaling $750,000.00 in new value.

15. The Kolinski Contribution of new value is vital to the implementation and feasibility of the Plan.

16. Debtors reserve the right to further modify the plan at the confirmation hearing.

**WHEREFORE,** the Debtors respectfully request that the Court enter an order **(i)** granting this Motion, **(ii)** confirming the Plan pursuant to 11 U.S.C. §1129(b), and **(iii)** providing such other and further relief as is just.

DATED this 3rd day of February, 2026.

/s/ *Emanuel I. Flaquer*  
Emanuel I. Flaquer  
Florida Bar Number 1058467  
Daniel E. Etlinger  
Florida Bar Number 77420  
Megan W. Murray  
Florida Bar Number 0093922  
UNDERWOOD MURRAY, P.A.  
100 N. Tampa Street  
Suite 2325  
Tampa, Florida 33602  
(813) 540-8401  

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and accurate copy of the foregoing, which was filed with the Clerk of Court, has been furnished electronically to those parties registered to receive service via CM/ECF including the United States Trustee, on February 3, 2026.

/s/ *Emanuel I. Flaquer*  
Emanuel I. Flaquer
